Judge Underwood,
delivered the opinion of the court.
Jennings moved against Jones in the circuit court, for failing to return an execution placed in his hands as constable, for collection within twenty days after the return day. The notice served on Jones is not dated. It directs him to appear on the first day of the next April term, holden for the county of Knox, and was served on the 8th of March, 1828, according to the officer’s return. This we presume to be a mistake, for the notice states that the execution which Jones failed to return, issued on the 5th of April, 1828, returnable ninety days thereafter. The mistake, if it be one, is not fatal, because, on the 13th of April, 1829, the parties by their áttornies, appeared in court and an issue in law was formed by the defendant Jones filing a demurrer to the notice. This appearance was a waiver of any defect in the service of the notice. The court gave judgment upon the demurrer in favor of Jones; to reverse which, this writ of error is prosecuted. •
We are of opinion that the notice sets out with sufficient certainty, the facts upon which the liability of J ones depended, and taking them as true upon the demurrer, the court ought to have rendered judgment in favor of Jennings. We perceive no objection, grow *217 ing out of the jurisdiction of tbe court, which ought to have prevented the court from rendering judgment in favor of Jennings. By the act of 1812, Dig. 297, circuit courts were vested with jurisdiction against constables in cases of motions for failures to return executions within twenty days after the return day. By an act of the 4th of Februaiy, 1815, constables were required to return executions within ten days after the return day and for a failure might have been proceeded against by motion before a justice of the peace. But this act was temporary and only suspended for a time the operation of the act of 1812; see the case of Lane vs. Young, I Litt. 40.
Crittenden, for plaintiff; E. Smith, for defendant.
The 15th section of an act óf the 4th February 1820, gavé justices of the peace jurisdiction of motions against constables,for failing to pay over money, collected upon executions, but we know of no act, since that of 1815 has expired, incompatible with the act of 1812, vesting circuit courts with jurisdiction, in cases like the present.
The judgment of the circuit court is reversed, and the cause remanded, with directions to enter judgment on the demurrer in favor of Jennings, unless Jones shall ask leave to withdraw the demurrer which may be granted, if applied for, and then a trial must take place on the merits of the case. The plaintiff in error must recover his costs.
Note. The amount nf the execution in the above case, including the costs, was §36 53 cents.